UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 23-15280-JGR |
| GALLUS DETOX SERVICES, INC. | ) | Chapter 11 |
| EIN: 88-2490456 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| GALLUS DETOX DENVER, LLC | ) | Case No. 23-15283-JGR |
| EIN: 84-3421544 | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| GALLUS DETOX SCOTTSDALE, LLC | ) | Case No. 23-15284-JGR |
| EIN: 47-2515577 | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| GALLUS DETOX DALLAS, PLLC, | ) | Case No. 23-15285-JGR |
| EIN: 87-2068937 | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**ORDER CONFIRMING THIRD AMENDED JOINT PLAN OF REORGANIZATION DATED FEBRUARY 12, 2024**

The Third Amended Joint Plan of Reorganization Dated February 12, 2024 (Docket No. 323)("Plan") under Chapter 11 of the Bankruptcy Code filed by Gallus Detox Services, Inc. ("GDS"), Gallus Detox Denver, LLC ("Denver"), Gallus Detox Scottsdale, LLC ("Scottsdale"), and Gallus Detox Dallas, PLLC ("Dallas" and collectively the "Debtors") having come before the Court for confirmation, with any objections to confirmation of the Plan having been withdrawn or resolved, the Court having considered the Declaration of Warren Olsen, Chief Executive Officer of GDS and authorized agent for Denver, Scottsdale, and Dallas, in Support of Confirmation of the Plan, the Court having reviewed the file, finds and Orders as follows:

     1.     That the Debtors have complied with all applicable provisions of Chapter 11, Subchapter V of the Bankruptcy Code and the Plan meets the requirements of Sections 1190 and 1191(a) of the Bankruptcy Code.

     2.     The provisions of Chapter 11 of the Bankruptcy Code have been complied with the Plan has been proposed in good faith and not by any means forbidden by law.

  3. That all insiders involved in the Debtors' post-confirmation activities are disclosed in the Plan and the exhibits thereto along with their relationship to and compensation from the Debtors.

  4. That there exists no governmental regulatory commission having jurisdiction over the Debtors on setting rates and fees.

  5. That each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan[1], that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

  6. That all payments made or proposed by the Debtors under the Plan or by any other person for services or costs and expenses in or in connection with the Plan or incident to the case have been fully disclosed to the Court and are reasonable or will be subject to approval of the Court.

  7. That all of attorney fees, fees to the Subchapter V Trustee, and the Patient Care Ombudsman incurred pre-confirmation shall be subject to Court approval as to reasonableness pursuant to the applicable provisions of the Bankruptcy Code.

  8. That the Debtors have filed a Summary of Voting Results (Docket No. 314) and Supplement to Voting Result (Docket No. 325) ahead of the hearing on Confirmation of the Debtors' Plan which provided that all classes of creditors have accepted the Plan or are deemed to have accepted the Plan as to each of the Debtors.

  9. That the Plan is fair and equitable and does not discriminate unfairly, and further allows creditors to receive more than they would otherwise receive in a Chapter 7 as to each Debtor.

  10. That on the Effective Date of the Plan, all property of the estate will revest in the Debtors free and clear of all liens and claims, except as otherwise provided in the Plan or this Order.

  11. That the Debtors shall receive a discharge pursuant to Section 1141(d) upon the Effective Date of the Plan of all claims in accordance with 11 U.S.C. 1191(a) and 1192. Confirmation of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date.

  12. That any objections to confirmation of the Plan having been withdrawn, resolved by Stipulation, resolved by amendment. or overruled.

---

[1] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Plan.

13. The Plan otherwise meets the requirements for confirmation specified under 11 U.S.C. §1129.

**IT IS HEREBY ORDERED**

That the Third Amended Joint Plan of Reorganization Dated February 12, 2024 (Docket No. 323), filed by the Debtors on October 8, 2024, by this Order is hereby **CONFIRMED**.

DONE and entered this 11th day of October, 2024 at Denver, Colorado.

BY THE COURT:

_____
Honorable Joseph G. Rosania, Jr.
United States Bankruptcy Court Judge